NELLIE WAUGH *et al. v.* DENNIS E. RICHARDSON

(No. 7233)

Submitted April 27, 1932. Decided May 3, 1932.

*Holt & Holt,* for appellant.
*Livezey, Hogsett & McNeer,* for appellees.

WOODS, JUDGE:

This is a suit to require Dennis E. Richardson, administrator of the estate of Frank H. Richardson, deceased, to make distribution of certain moneys in his hands as such

administrator, and to account for rents, issues and profits received by him from the real estate of said decedent subsequent to the filing of the report of Commissioner of Accounts Layne. The commissioner in chancery, to whom the matter was referred, after considering the evidence, which included the reports of Layne and Peyton, charged the administrator personally with interest on all moneys found to be in his hands for distribution at the time of Layne's report (September 13, 1929), making proper deductions as distribution was made, and refused the usual commissions. This report found that there remained in defendant's hands as administrator, subject to payment of costs and distribution between himself and his three sisters, sole heirs of decedent, the sum of $2,747.04. Exceptions by the administrator were overruled, and a decree entered in accordance with the commissioner's report. From such decree, the defendant appeals.

Shortly after the decision in *Waugh* v. *Richardson*, 107 W. Va. 43, 147 S. E. 17, which found that an item of $15,000 not included in the appraisal on the claim of the administrator that it was a gift *causa mortis*, was in fact a part of the estate, defendant went before Layne, commissioner of accounts, to make settlement. Plaintiffs herein (the three sisters) took exceptions to Layne's report and at their instance a re-reference was made to Peyton as commissioner of accounts, who substantially confirmed Layne's report. Both commissioners allowed the administrator commissions on $23,132.80, the aggregate sum coming into his hands during the year ending December 1, 1927. Upon confirmation of Peyton's report by the county court, an appeal was taken to the circuit court (see chapter 39, section 47, and chapter 112, section 14, Code 1923), and on October 3, 1930, it was decreed that Richardson was not entitled to commissions, and the court, after adding said commissions ($1,156.64) to the $14,550.98 cash on hand, as shown by Peyton's report, decreed that defendant had, as of September 13, 1929, cash on hand, $15,707.62. Upon failure to make immediate distribution of said funds, the present suit was brought November 28, 1930.

As to the item of interest the commissioner in chancery was of opinion that nothing stood in the way of a distribution of moneys found by Layne to be in the hands of the administrator (except possibly the item of $1,156.64, commissions, later involved on appeal to the circuit court), and that interest should be paid from September 13, 1929. In view of the chancellor's finding, we feel that interest is properly chargeable from that date, less proper credits.

Next, we are met with the question of commissions. Appellant's exception to the report of the commissioner in chancery in this regard goes only to the $15,000.00 item, or $750.00. Appellees contest the right to open up this question of commissions in the present suit, in view of the circuit court's denial of same on the appeal from the county court's order confirming Peyton's report. Our court held in the case of *Van Winkle* v. *Blackford*, 33 W. Va. 573, 11 S. E. 26, that reports of the commissioners of accounts as confirmed by the county court are, under section 22, chapter 87, Code 1923, *prima facie* correct, and that the utmost effect of a decree of the circuit court thereon is merely to confirm the judgment of the county court as *prima facie* correct until surcharged or falsified in a suit brought for that purpose. The judgment of the circuit court did not finally adjudicate the matter. It appears from a reading of the entire record that the matter of the accounts was again gone into before the commissioner in chancery. So, the commissioner and the chancellor not being bound in the present suit by the action of the circuit court on the appeal from the county court, we are free to deal with the question on this appeal. *Van Winkle* v. *Blackford, supra*. Since the $15,000.00 item was promptly reported to a commissioner of accounts upon the finding by this court that it was a part of the decedent's estate *(Waugh* v. *Richardson, supra)*, we are of opinion that the administrator is entitled to the usual compensation on said item.

The decree of the circuit court is therefore reversed, and the same remanded for further proceedings to be had in accordance with this opinion.

*Reversed and remanded.*